UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY,<br>as subrogee of TrizecHahn Corporation, and<br>AMERICAN HOME ASSURANCE COMPANY,<br>as subrogee of TrizecHahn Corporation,<br><br>    *Plaintiffs*,<br><br>v.<br><br>GILCO SCAFFOLDING COMPANY, LLC,<br><br>    *Defendant*. | FILED: MAY 8, 2008<br>08CV2634   J. N.<br>JUDGE SHADUR<br>MAG. JUDGE VALDEZ<br>No.: |

## COMPLAINT

NOW COME Plaintiffs, LEXINGTON INSURANCE COMPANY, (hereinafter, "Lexington"), and AMERICAN HOME ASSURANCE COMPANY, (hereinafter, "American Home"), as subrogees of TrizecHahn Corporation, (hereinafter, "TrizecHahn"), by and through their attorneys, Lynn K. Weaver and Mark S. Grotefeld of Grotefeld & Denenberg, L.L.C., and for their complaint against Defendant, GILCO SCAFFOLDING COMPANY, LLC, (hereinafter, "Gilco"), state as follows:

### JURISDICTION

Jurisdiction is founded upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff Lexington Insurance Company is a Massachusetts Corporation with its principal place of business in Lexington, Massachusetts. Plaintiff American Home Assurance Company is a Canadian Corporation with its principal place of business in Toronto, Canada. Upon information and belief, Defendant Gilco Scaffolding Company is an Illinois corporation with its principal

place of business in Des Plaines, Illinois. The matter in controversy is in excess of $75,000.00, exclusive of interests and costs.

The property damage occurred in Cook County, Illinois, in the Northern District of Illinois, Eastern Division. Subject matter jurisdiction exists in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1332.

## FACTUAL ALLEGATIONS

1. At all relevant times, TrizecHahn owned the subject building located at 550 West Washington Street, Chicago, Illinois.

2. Upon information and belief, Gilco is a corporation duly authorized to do business in Illinois and having its principal place of business in Des Plaines, Illinois.

3. This action arises out of property damage sustained by the TrizecHahn building on or about May 11, 2003 that was caused by construction materials from a nearby building coming into contact with the TrizecHahn building. Specifically, scaffolding and security cables from a neighboring building came lose and repeatedly struck the TrizecHahn building, causing breakage and damage to several of the external glass units of the building.

4. Gilco was the subcontractor responsible for the scaffolding work that was on the neighboring building.

5. Upon information and belief, scaffolding installed under the direction of Gilco was hit by high winds, which caused the improperly secured scaffolding to come into contact with and damage the subject TrizecHahn property.

6. Lexington and American Home were the property insurers of the TrizecHahn property at all times relevant to this proceeding.

7.      Pursuant to its policies of insurance with Lexington and American Home, TrizecHahn made a claim seeking indemnification and reimbursement for damages resulting from the subject loose scaffolding incident. Lexington and American Home have paid to or on behalf of TrizecHahn a sum in the amount of $558,000 for property related damages.

8.      In consideration of the payments made by Lexington and American Home, TrizecHahn subrogated to Lexington and American Home all rights, claims, and interests it may have against any person or entity that may be liable for causing the $558,000 in reimbursed damages to the TrizecHahn property, as well as certain additional expenses incurred by TrizecHahn as a result of the property damage caused by the scaffolding.

## COUNT I
## NEGLIGENCE

9.      Plaintiffs Lexington and American Home reallege and incorporate the allegations contained in paragraphs 1 through 8 as if fully set forth herein.

10.     At all material times, Gilco was under a duty to exercise reasonable care for the safety of TrizecHahn's real and personal property.

11.     Gilco, and/or its agents or employees, breached its respective duty through one or more of the following acts or omissions:

    a.  Failed to properly design and implement safe construction and scaffolding plans for the work it performed on the neighboring building;

    b.  Failed to properly install and secure the scaffolding and other construction materials associated with the work it performed on the neighboring building;

    c.  Failed to properly supervise the installation of the scaffolding and other construction materials prior to their use for the construction work performed on the neighboring building;

    d.  Failed to properly inspect the scaffolding and other construction materials after they were installed and before they were used in association with the work performed on the neighboring building;

    e.  Failed to properly test the scaffolding and other construction materials before, during and after they were used in association with the construction performed on the neighboring building;

    f.  Failed to properly warn others of the known dangers associated with the use of the improperly secured scaffolding and other construction materials; and/or

    g.  Was otherwise negligent.

  12. In particular, Gilco failed to properly safeguard and secure its construction materials, including scaffolding and security cables, so as to prevent damage to surrounding property, specifically including the property belonging to TrizecHahn. Such negligence allowed the wind to blow the loose scaffolding and other construction materials into the subject TrizecHahn building, causing substantial damage to portions of the external surface of the structure.

  13. As a direct and proximate result of Gilco's negligence, Lexington and American Home suffered damages including costs of repair, costs of cleaning/restoration, contents replacement, and other various expenses in an amount in excess of $558,000.

WHEREFORE, LEXINGTON INSURANCE COMPANY, and AMERICAN HOME ASSURANCE COMPANY, as subrogees of TrizecHahn Corporation, request judgment be entered in their favor and against GILCO SCAFFOLDING COMPANY, LLC, in an amount of $558,000, plus costs, attorney's fees, and for such other relief as this Court deems equitable and just.

Respectfully submitted,

LEXINGTON INSURANCE COMPANY,
as subrogee of TrizecHahn Corporation, and
AMERICAN HOME ASSURANCE COMPANY,
as subrogee of TrizecHahn Corporation,

By: ___/s/ Lynn K. Weaver_____
One of Its Attorneys

Lynn K. Weaver
Mark S. Grotefeld
GROTEFELD & HOFFMANN, LLP
180 N. LaSalle Street
Suite 1810
Chicago, IL 60601
312.551.0200