```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

LEXINGTON INSURANCE COMPANY,       )
etc., et al.,                      )
                                   )
               Plaintiffs,         )
                                   )
     v.                            )   No. 08 C 2634
                                   )
GILCO SCAFFOLDING COMPANY, LLC,    )
                                   )
               Defendant.          )
```

MEMORANDUM ORDER

Lexington Insurance Company ("Lexington") and American Home Assurance Company ("American Home"), identifying themselves "as subrogees of TrizecHahn Corporation (hereinafter 'TrizecHahn')," have just filed this action against Gilco Scaffolding Company, LLC ("Gilco"). Because Lexington and American Home seek to invoke federal jurisdiction on diversity of citizenship grounds but their Complaint clearly falls short in one respect and may well be deficient in another, this sua sponte memorandum order dismisses this action for lack of subject matter jurisdiction in accordance with the continuing mandate from our Court of Appeals (see, e.g., Wernsing v. Thompson, 423 F.3d 732, 743 (7th Cir. 2005)) that the policing of subject matter jurisdiction is a compulsory matter.

As for the Complaint's assured deficiency, the Complaint's Jurisdiction section moves forward from its proper identification of the dual citizenship of Lexington (see 28 U.S.C. §1332(c)(1)) and American Home's alien status by identifying only Gilco's

place of incorporation and its principal place of business. But Gilco is a limited liability company, so that those factors are irrelevant to its citizenship for federal jurisdictional purposes.

It is time that complaints such as the present one should trigger an automatic dismissal when counsel for any plaintiffs clearly fail to carry their burden of establishing subject matter jurisdiction over any limited liability company. In July of this year a full decade will have elapsed since our Court of Appeals meticulously spelled out the requirements in that respect (<u>Cosgrove v. Bartolotta</u>, 150 F.3d 729, 731 (7th Cir. 1998), a message that our Court of Appeals has since had to repeat again and again (see, e.g., <u>Wise v. Wachovia Sec., LLC</u>, 450 F.3d 265, 267 (7th Cir. 2006) and <u>Thomas v. Guardsmark, LLC</u>, 487 F.3d 531, 533-34 (7th Cir. 2007)) and that District Judges are compelled to repeat even more frequently.

There has to be some cost attached to the total disregard of such a long- and firmly-established jurisdictional principle. Moreover, there is a second potential jurisdictional flaw here: It is unclear whether Lexington's and American Home's status as TrizecHahn's subrogees extends to the entire amount of the property damage as to which they were insurers, or whether instead they are also seeking to recover any amount on behalf of

TrizecHahn.[1]

If it is indeed the case that this action is brought in part on behalf of TrizecHahn, the latter's citizenship is also relevant to the existence or nonexistence of diversity (see Pepsico do Brasil, LTDA v. Oxy-Dry Corp., 534 F.Supp.2d 846 (N.D. Ill. 2008)).  It would seem quite likely that TrizecHahn may share Gilco's citizenship when both have been properly identified, and that would serve as a second and independent basis for a jurisdiction-based dismissal.

Hence this action is dismissed for want of the proper establishment of subject matter jurisdiction in two respects. Nonetheless, if a timely motion were to be filed under Fed. R. Civ. P. 59(e) demonstrating that the requisite diversity is indeed present, this Court would consider granting such a motion on condition that plaintiffs pay into court, as a fine, the same $350 amount that would be required as a filing fee for any newly-filed action (an action that plaintiffs' counsel would otherwise have to bring).

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 12, 2008

---

[1]  Complaint ¶8 speaks not only of the $558,000 paid to or on behalf of TrizecHahn but also of "certain additional expenses incurred by TrizecHahn as the result of the property damage caused by the scaffolding."  That certainly sounds as if TrizecHahn itself has borne some of the loss, so that Lexington and American Home are suing on its behalf to that extent.